## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 06-cv-01667-REB-MJW

SHAMROCK FOODS COMPANY, an Arizona corporation,

    Plaintiff,

v.

ITALCO FOOD PRODUCTS, INC., a Colorado corporation, and
NATE VER BURG, a Washington resident, d/b/a PORTOFINO FOODS,

    Defendant.

## ORDER DENYING AMENDED MOTION FOR CONTEMPT
## FOR VIOLATIONS OF PERMANENT INJUNCTION

**Blackburn, J.**

The matter before me is plaintiff's **Amended Motion for Contempt for Violations of Permanent Injunction** [#47], filed June 30, 2008. I deny the motion.

By its amended motion, plaintiff purports to seek "an order holding Nate Ver Burg d/b/a Portofino Foods ("Portofino") in contempt for violations of the permanent injunction entered by this Court on January 8, 2007." However, Ver Burg's evidence shows, and plaintiff apparently does not dispute, that he was not personally involved in the allegedly infringing sales that are the subjection of the motion for contempt.[1] Instead, it appears that Porto Fino, LLC, and possibly also its owner and general manager, are responsible

---

[1] Nor does plaintiff offer any evidence or argument to demonstrate that Ver Berg otherwise should be held liable for the contempt of another party. **See Federal Trade Commission v. Kuykendall**, 371 F.3d 745, 759-60 (10th Cir. 2004) (noting that if individual defendant is not shown to have personally violated the terms of a court order, he may be held in contempt only if it is proved that he expressly agreed to act as an insurer of another party's compliance with the order or had control of another party and failed to prevent that party's violation of the order).

for whatever violation of the permanent injunction occurred. Therefore, in its reply brief, plaintiff maintains that these individuals and the LLC should be found in contempt.

Putting aside the impropriety of considering new issues raised for the first time in a reply brief, **Liebau v. Columbia Casualty Co.**, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001), I cannot enter the order plaintiff seeks. The LLC and its principals are not parties to this lawsuit. Therefore, I lack authority to enter a judgment against them in the current posture of this case:

> When persons already are subject to the jurisdiction of the court, no new process is required to subject them to contempt charges; thus parties of record to a decree, upon appropriate notice of the contempt proceeding, may be held in contempt for noncompliance with the decree even though they no longer are within the state, since the civil contempt charges are a continuation of the original proceedings. . . . But when it is sought to charge a person with contempt who was not a party to the original action and thus not already within the jurisdiction of the court, that party must be served with process as in any other civil action.

11A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, **Federal Practice and Procedure** § 2960 (footnotes omitted). Although the LLC and other individual defendants signed the settlement agreement and consent judgment, and thereby agreed to be bound by the injunction, they have never properly been brought within the jurisdiction of this court.[2] **See Way v. Mueller Brass Co.**, 840 F.2d 303, 306 (5th Cir. 1988) (actual notice of the litigation does not satisfy the requirement of proper service under Rule 4). Plaintiff has offered nothing to demonstrate that the LLC and its individual officers would be subject to personal jurisdiction in this district. That these

---

[2] Despite the fact that the LLC's owner, Art Danakos, was actually served. (**Return of Service** [#14], filed September 22, 2006.)

individuals and the LLC were signatories to and may well have violated the terms of the permanent injunction is nothing more than contempt in the air until such time as they are properly brought within the jurisdiction of this court.

Although I do have authority to hold non-parties in contempt when they are shown to have been "in active concert or participation with" a party or its officers, agents, servants, employees, or attorneys, **FED.R.CIV.P.** 65(d)(2)(C), there is no evidence or argument here that the only party defendant – Ver Burg – in any way violated the injunction.[3] Under those circumstances, the issuance of an order to show cause to the LLC and its officers would not rectify the infirmity in plaintiff's motion. *Cf. Waffenschmidt v. MacKay*, 763 F.2d 711, 714 (5th Cir. 1985), *cert. denied*, 106 S.Ct. 794 (1986).

**THEREFORE, IT IS ORDERED** that plaintiff's **Amended Motion for Contempt for Violations of Permanent Injunction** [#47], filed June 30, 2008, is **DENIED**.

Dated November 4, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[3] Nor is there any evidence or argument to support the conclusion that Ver Burg himself has any officers, agents, servants, or employees who may be bound by the injunction.